Totten, J.,
delivered the opinion- of the court.
The action was commenced before a justice'of DeKalb, by the Mayor and Aldermen of Smithville, for the recovery of twenty-five dollars, a tax due from him to the corporation of Smithville, for the privilege of keeping a tippling house within the limits of said corporation. The warrant was executed by the constable of said corporation, and for that reason it was quashed, on motion, before the justice. The corporation appealed to the circuit court, where judgment was rendered in its favor, and defendant has appealed to this court.
Several questions are made. First; it is argued that the present corporation has its existence under a charter granted by the county court of DeKalb, in October, 1850, under the law made in 1850, chap. 17, conferring powers to that effect upon the county court. That the former charter, granted in 1843, by the legislature, was thereby surrendered and the corporation under it dissolved; and, therefore, that the present corporation has no power to collect said tax, it having been assessed and established by the former corporation.
We do not consider that the charter of 1843, was surrendered by the action of the county court in 1850, upon the pe* *167 tition of the corporators referred to. There is no surrender expressly made of the former charter, and the effect of the action of the county court, is merely to extend the limits of the corporation. In order to make the surrender of a corporate charter effectual, it is necessary that it be accepted by the government, and that a record be made thereof.
This is not pretended in the present case. The action of the county court extending the limits of the corporation, may be regarded as an amendment to the charter.
Second, it is next insisted that the court erred in refusing to quash the warrant, because the constable of said corporation had no power to execute it.
The charter or act of incorporation, gives the corporation power to appoint a town constable, and being thus appointed, we can see no reason why he should not have and exercise the powers and duties which properly appertain to a constable at the common law, within the limits of said corporation, and in reference to subjects and things only in which the coi’poration is interested. His powers and duties are very general in their nature, having reference to the good order and well being of the corporation, the removal of nuisances, the collection of its taxes, and such other positive duties as are enjoined upon him by its ordinances. It is not to be presumed, that all his powers and duties can be prescribed in detail, by the ordinances of the corporation, and they are therefore to be referred to a more general rule by which they are ascertained and defined. He is to perform the duties of a constable, an officer well known to the common law, which prescribes and defines his rights, powers and duties; but these are confined to the limits of the corporation, and to those matters only in which the corporation is interested. If judicial power be conferred by the charter upon the Mayor of a city or town, in matters relating to the laws and ordinances of the corporation, there can be no question, but that the constable *168 would be the proper officer to execute and return his processes. And when judicial power is not so conferred upon the Mayor, but is exercised by a justice of the peace, why may not the constable execute his processes, in relation to the same matters, and within the limits of the corporation. We may further observe in reference to this exception, that being matter in abatement, it should have been made by plea in writing, which has not been done.
Third — it is further insisted that the tax was reduced to ten dollars, by an ordinance made on the 19th September, 1850. There is proof tending to show, that the pretended ordinance was not made at any regular meeting of the board, and that there was not a quorum competent to enact it. Whether there was any such valid ordinance, was a question for the jury, under proper instruction from the court, and they have determined that there was none. In view of the facts, as to this part of the case, we certainly concur in the correctness of their conclusion.
We do not deem it material to notice any other questions made in the case. There is no error in the record, and the judgment will be affirmed.